THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER LEE JOHNSON, ) <br> # Y56864, ) <br> ) <br>       Plaintiff, ) <br> vs. ) <br> ) <br> ANTHONY D. WILLS, and ) <br> KIMBERLY WEITL, ) <br> ) <br>       Defendants. ) | Case No. 3:23-cv-03823-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Christopher Lee Johnson is an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center. He brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He claims that Defendants failed to provide him with mental health treatment. Plaintiff seeks monetary damages and a transfer to another institution.

Plaintiff's Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims.[1] *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture,

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 5), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court, Wexford Health Sources, and the IDOC.

the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv*ice, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Between July 25, 2023, and August 27, 2023, mental health providers did not see Plaintiff on a regular basis. (Doc. 1, p. 6). They made rounds only four times during that period, and Plaintiff went for a total of 20 days without receiving his prescription medications. Plaintiff has been diagnosed with bipolar disorder, paranoid schizophrenia, PTSD, and anxiety. As a result of the inadequate treatment, Plaintiff became suicidal. Over the past 39 years, Plaintiff has attempted to take his life 19 times.

Plaintiff informed Defendant Warden Wills and Mental Health Director Weitl that he needed his medications. He requested to go on suicide watch to keep from hurting himself, but his request was denied. Plaintiff was told to just get some sleep and he would feel better the next day. [2]

Plaintiff seeks monetary damages and a transfer to Dixon Correctional Center to obtain psychiatric treatment. (Doc. 1, p. 8).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1:   Eighth Amendment deliberate indifference claim against Defendants for failing to provide Plaintiff with his prescribed psychiatric medications or mental health treatment in July and August 2023, and failing to respond to Plaintiff's request

---

[2]  It is not clear from the Complaint who denied the suicide watch request or who advised Plaintiff to just get some sleep. (Doc. 1, p. 6).

to be placed on suicide watch.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical or mental health needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical or mental health condition, and (2) the defendant acted with deliberate indifference to his medical needs. *See Rasho*, 856 F.3d at 475. Deliberate indifference is demonstrated where a prison official acted or failed to act despite his/her knowledge of a serious risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Additionally, "deliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

---

[3] *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Plaintiff's mental health problems constitute objectively serious conditions. His allegations indicate that Defendants were made aware of his need for his prescribed medications and the need for mental health treatment/attention, but they failed to act to mitigate the risks to Plaintiff. Count 1 will therefore proceed against Defendants Wills and Weitl.

### INJUNCTIVE RELIEF

The Complaint includes a request for injunctive relief. Menard Warden Anthony Wills, in his official capacity, is the appropriate Defendant to implement any injunctive relief that may be ordered. *See, e.g.*, *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

### DISPOSITION

The Complaint states colorable claims in Count 1 against Anthony Wills and Kimberly Weitl.

The Clerk shall prepare for Anthony Wills (individual and official capacities) and Kimberly Weitl: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal

service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:   June 4, 2024.**

Digitally signed by Judge Sison
Date: 2024.06.04
10:56:09 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.